UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSALIE LOLONGA-GEDEON,

                            Plaintiff,
v.

CHILD & FAMILY SERVICES,

                            Defendant.

**REPORT
and
RECOMMENDATION**

08-CV-00300A(F)

---

APPEARANCES:    ROSALIE LOLONGA-GEDEON, *Pro Se*
                               4781 Pine Ridge Drive
                               Columbus, Indiana 47201

                               HODGSON RUSS LLP
                               Attorneys for Defendant
                               JOSHUA ISAAC FEINSTEIN, of Counsel
                               The Guaranty Building, Suite 100
                               140 Pearl Street
                               Buffalo, New York 14202-4040

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara, on July 25, 2008, for pretrial matters including Report and Recommendation on dispositive motions. The matter is presently before the court on Plaintiff's motion for summary judgment filed August 4, 2008 (Doc. No. 9).

## BACKGROUND AND FACTS[1]

Plaintiff Rosalie Lolonga-Gedeon ("Plaintiff"), commenced this action on April 18, 2008, alleging claims of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, against Defendant Child & Family

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Services ("Defendant"). In particular, Plaintiff alleges employment discrimination, including harassment based on Plaintiff's race, color, sex and national origin, retaliation for complaining about said harassment, and termination of her employment. Defendant's answer, filed on July 23, 2008 (Doc. No. 5), asserts ten affirmative defenses and "demands judgment dismissing the Complaint in its entirety . . . ." Answer at 3.

In February 2005, Plaintiff commenced employment with Defendant as a Senior Case Manager in Defendant's Chautauqua County office. The essence of Plaintiff's Complaint is that Defendant discriminated against Plaintiff, an African-American woman who had immigrated from Central Africa (Congo), on the basis of her race, color, national origin and sex, by repeatedly harassing Plaintiff about her accent which Defendant asserted interfered with Plaintiff's job performance. Complaint, Facts at 1-3. Plaintiff also alleges Defendants failed to accept Plaintiff's assertion that Plaintiff had earned a Bachelor's degree as required to keeping her position with Defendant. *Id*. at 3-4. According to Plaintiff, when she complained of the harassment, Defendant retaliated against Plaintiff by terminating her employment on March 27, 2007. *Id*. 4-5.

On May 30, 2007, Plaintiff filed a charge of employment discrimination with the New York State Division of Human Rights ("DHR"), alleging unlawful discriminatory practice by Defendant in connection with Plaintiff's employment on the basis of Plaintiff's marital status, national origin, race and color. On December 12, 2007, the DHR issued a Determination and Order after Investigation, finding no evidence that Defendant's termination of Plaintiff's employment for failure to produce evidence of the requisite Bachelor's degree was a pretext for discrimination. Determination and Order

after Investigation[2] at 1. The DHR specifically found that although the record established Plaintiff had received a degree in 2007, "the record does not contain information to establish that this degree is equivalent to a bachelor's degree which is the minimal requirement for the position." *Id*.

On August 4, 2008, Plaintiff filed a motion for summary judgment (Doc. No. 9) ("Plaintiff's motion"), seeking both judgment in Plaintiff's favor and to quash Defendant's "motion to dismiss the plaintiff's complaint . . . ." Plaintiff's Motion at 1. In support of Plaintiff's motion, Plaintiff filed a Memorandum of Law in Further Support of the Motion to Vacate the Request for Dismissal and in Support of a Motion for Summary Judgment (Doc. No. 10) ("Plaintiff's Memorandum"), and the Affidavit of Plaintiff in Support of the Motions (Doc. No. 11) ("Plaintiff's Affidavit").

In opposition to Plaintiff's motion, Defendant filed on September 18, 2008, the Declaration of Joshua A. Feinstein, Esq. Opposing Motion to "Quash" Motion to Dismiss (Doc. No. 13) ("First Feinstein Affidavit"), Defendant's Memorandum of Law Opposing Summary Judgment (Doc. No. 14) ("Defendant's Response"), and Declaration of Joshua A. Feinstein, Esq. Opposing Motion for Summary Judgment (Doc. No. 15) ("Second Feinstein Affidavit"), with Exhibit A (Doc. No. 16) ("Defendant's Exh. A"). In further support of summary judgment Plaintiff filed on October 28, 2008, the Response to the Defendant (Doc. No. 19) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion should be DENIED.

---

[2] A copy of the DHR's Determination and Order after Investigation is attached to the Complaint.

**DISCUSSION**

Insofar as Plaintiff moves to "quash" Defendant's motion to dismiss the complaint, Defendant has not filed any such motion. Rather, Plaintiff relies on Defendant's general request for relief in the Answer that it "demands judgment dismissing the Complaint in its entirety . . . ." Answer at 3. Because Defendant has not filed any motion to dismiss the Complaint, Plaintiff's motion to quash Defendant's non-existent motion should be DENIED.

Plaintiff's motion also seeks summary judgment in Plaintiff's favor. Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

In support of summary judgment, Plaintiff argues that Defendant has failed to

4

establish "beyond doubt" that Plaintiff cannot prove any set of facts entitling Plaintiff to relief on her claims, Plaintiff's Memorandum, Point I, and that Defendant has failed to establish any genuine issue of material fact precluding summary judgment, *id*. Point II. In opposition to Plaintiff's motion, Defendant argues that there has yet to be any discovery in this action, Defendant's Response at 2-3, issues of fact preclude summary judgment, *id.* at 3-4, and that Plaintiff failed to provide a statement of facts as required by Rule 56.1 of the Western District of New York's Local Rules of Civil Procedure, *id.* at 4. In further support of summary judgment, Plaintiff presents numerous factual assertions Plaintiff maintains establish that summary judgment should be granted in her favor. Plaintiff's Reply at 6-15. Based on the record, Plaintiff's motion should be denied for several reasons, without prejudice to refiling after discovery is complete.

First, Plaintiff filed her motion less than two weeks after Defendant's answer was filed, even before any discovery had taken place. "[S]ummary judgment should only be granted '[i]f *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) and citing *Celotex Corp.*, 477 U.S. at 323)) (additional quotation marks omitted; alteration and italics in original). "'The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" *Hellstrom*, 201 F.3d at 97 (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)) (additional quotation marks omitted). "Only in the rarest of cases may summary judgment be granted" prior to affording the nonmovant any opportunity for discovery.

*Hellstrom*, 201 F.3d at 97 (citing cases).

In *Hellstrom*, 201 F.3d at 97-98, the Second Circuit reversed the district court's grant of summary judgment in favor of the defendant employer where the defendant's motion for summary judgment was filed prior to discovery in an employment discrimination action in which the plaintiff was denied the opportunity to conduct any discovery, including taking depositions, and had access only to three boxes of information, compiled by the defendant and containing the administrative record, including interviews and investigative reports focusing on allegations of the plaintiff's misconduct for which the plaintiff alleged he was wrongfully terminated from his employment with the defendant, stating "[w]ithout the opportunity to undertake his own discovery, [the plaintiff] did not have a chance to adduce evidence to support this claim." *Id*. at 98. Similarly, here, Defendant has not has the opportunity to conduct any depositions or to obtain any document discovery, which Defendant asserts is needed to oppose summary judgment, particularly with respect to whether the challenged adverse employment actions against Plaintiff were taken for legitimate nondiscriminatory reasons. Plaintiff's Defendant's Response at 2-3. As such, summary judgment prior to discovery is improper in this case and should be DENIED without prejudice.

Second, Plaintiff's assertion that Defendant has failed to establish the existence of any material issue of fact to avoid summary judgment ignores that fact that the burden is Plaintiff's, as the movant, to establish the absence of fact, rather than on Defendant to establish the existence of any such fact. *Celotex*, 477 U.S. at 322. Not until and unless Plaintiff meets her burden of proof is Defendant required to present any evidence to rebut such proof, demonstrating the existence of a material issue of fact

precluding summary judgment. *Goenaga*, 51 F.3d at 18. Moreover, the record establishes genuine issues of fact precluding summary judgment, particularly with regard to whether Plaintiff's termination of employment based on Plaintiff's failure to timely provide evidence that she had earned the requisite Bachelor's degree required for her position was legitimate or mere pretext for discrimination. As such, summary judgment should be DENIED on this ground, without prejudice.

Finally, Plaintiff failed to provide the requisite statement of undisputed facts in accordance with Local Rules of Civil Procedure for the Western District of New York, Rule 56.1 ("Rule 56.1"). Summary judgment has been denied to a movant for failing to comply with Rule 56.1. *See Herman v. National Enterprise Systems, Inc.*, 2009 WL 1874202, *1 (W.D.N.Y. June 29, 2009) (denying defendant's motion for summary judgment based on defendant's failure to file statement of undisputed facts as required by Rule 56.1). Plaintiff's failure to file a Rule 56.1 statement of undisputed facts deprives the court of its ability to determine whether any material issues of fact exist. *Id*. at * 2. As such, Plaintiff's motion should also be DENIED for failure to comply with Rule 56.1.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for summary judgment (Doc. No. 9), should be DENIED without prejudice.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 23, 2009
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 23, 2009
           Buffalo, New York