UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSALIE LOLONGA-GEDEON,　　　　　　　　　　　　　　　　　　　　DECISION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　and
　　　　　　　　　　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　　　　ORDER
　　v.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　08-CV-300A(F)
CHILD & FAMILY SERVICES,

　　　　　　　　　　　　　　　　　Defendant.
_____

APPEARANCES:　　　　　ROSALIE LOLONGA-GEDEON, *Pro Se*
　　　　　　　　　　　　　　　　　410 Remington Pt., Apt. 205
　　　　　　　　　　　　　　　　　Greenwood, Indiana　46143-8078

　　　　　　　　　　　　　　　　　HODGSON, RUSS, LLP
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　JOSHUA I. FEINSTEIN, of Counsel
　　　　　　　　　　　　　　　　　The Guaranty Building, Suite 100
　　　　　　　　　　　　　　　　　140 Pearl Street
　　　　　　　　　　　　　　　　　Buffalo, New York　14202-4040


　　　　　By papers filed April 7, 2011, Plaintiff moves for reconsideration of the court's Decision and Order, filed March 21, 2011, Doc. No. 84, ("the D&O") denying Plaintiff's motion for leave to file an amended complaint (Doc. No. 89) ("Plaintiff's reconsideration motion").  Plaintiff's complaint, filed April 18, 2008, alleges she was discriminatorily discharged based on her race, color, sex, and national origin, and retaliation by Defendant on account of Plaintiff's complaints of the alleged discriminatory treatment. Plaintiff seeks to add federal claims based on a hostile environment in violation of Title VII, conspiracy in violation of 42 U.S.C. § 1985, and state claims for *prima facie* tort, defamation and invasion of privacy.  No proposed amended complaint was submitted by Plaintiff in connection with Plaintiff's motion to amend nor has Plaintiff submitted a

proposed amended complaint on Plaintiff's instant motion for reconsideration.

Plaintiff's motion to amend was denied based on this court's finding that Plaintiff's motion was untimely as it was brought five months past the August 31, 2010 cut-off for such motions established by the applicable Scheduling Order dated July 19, 2010 (Doc. No. 47) which enlarged the time by an additional 60 days, at Plaintiff's request, for such motions to August 31, 2010 from June 30, 2010 (Doc. No. 47) as established by the initial Scheduling Order filed April 21, 2010 (Doc. No. 39).  D&O at 2. Additionally, the court found that although the court granted Plaintiff's request, filed December 13, 2010 (Doc. No. 82), to stay proceedings pending the conclusion of Plaintiff's legal studies in London at the end of May, 2010 (Doc. No. 82), Plaintiff made no effort to enlarge the period within which to seek permission to file an amended complaint nor did Plaintiff give any indication at that time that Plaintiff intended to do so. D&O at 2-3.  Defendant opposed the motion based on the likelihood of prejudice from the risk of stale memory of potential fact witnesses.  *Id.*  Finally, the court noted that because of the length of time the case had been pending and the loss of an approximately six-month period to accommodate Plaintiff's unusual personal foreign study requirements, the risk of further prolongation of the case if new claims, as proposed by Plaintiff, were added at this late date weighed against Plaintiff's request. *Id*.

In seeking reconsideration, Plaintiff asserts the court abused its discretion in not allowing Plaintiff time to file a proposed amended complaint, Plaintiff's reconsideration motion ¶ 6, and that Defendant frustrated Plaintiff's ability to file for leave to serve an amended complaint by the August 31, 2010 deadline by serving Defendant's discovery

responses on August 17, 2010, in accordance with Plaintiff's prior agreement granting Defendant's request for extension.  Plaintiff's reconsideration motion ¶ 8.

Whether to grant a motion for reconsideration is within the sound discretion of the court, *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) (citing cases), and the criteria for reconsideration motions are "strictly construed against the moving party."  *Larouche v. Webster,* 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (citing cases).  A motion for reconsideration will not be granted absent a showing that (1) the court overlooked factual matters or controlling decisions that might materially have influenced the earlier decision, or (2) the "need to correct a clear error or prevent manifest injustice." *Griffin Industries*, 72 F.Supp.2d at 368 (internal citations omitted).  A motion for reconsideration is not intended as a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id*., at 368  (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Here, Plaintiff's reconsideration motion fails to point to any law or fact overlooked by the court in issuing the D&O denying Plaintiff's motion to amend.  Notably, a fair reading of Plaintiff's motion to amend reveals Plaintiff makes no reference to the timing of Defendant's alleged service of responses to Plaintiff's discovery requests as preventing Plaintiff from properly assessing whether Plaintiff may have a basis for the claims Plaintiff now wishes to add.  Significantly, Plaintiff admits Defendant's service was agreed to by Plaintiff.  Moreover, Plaintiff fails to explain how such discovery responses could conceivably provide new information not previously known to Plaintiff at the time of her discharge and administrative complaint concerning the putative

hostile working conditions, conspiracy, and state tort claims Plaintiff now seeks to belatedly add to this case.  As such, Plaintiff has failed to demonstrate that the court overlooked facts or controlling law, or that failing to allow Plaintiff's generalized claims would cause a manifest injustice to Plaintiff, and Plaintiff's motion for reconsideration should therefore be DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 89) is DENIED. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2011
         Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTIONS WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).