UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSALIE LOLONGA-GEDEON,                                        **DECISION**
                                                                                and
                            Plaintiff,                        **ORDER**
     v.

                                                                                   08-CV-300A(F)
CHILD & FAMILY SERVICES,

                            Defendant.
_____

APPEARANCES:         ROSALIE LOLONGA-GEDEON, *Pro Se*
                                410 Remington Pt., Apt. 205
                                Greenwood, Indiana    46143-8078

                                HODGSON, RUSS, LLP
                                Attorneys for Defendant
                                JOSHUA I. FEINSTEIN, of Counsel
                                The Guaranty Building, Suite 100
                                140 Pearl Street
                                Buffalo, New York    14202-4040

In this employment discrimination case, by papers filed November 29, 2011, Defendant moved pursuant to Fed.R.Civ.P. 35, to compel Plaintiff's mental examination (Doc. No. 118) ("Defendant's motion").  Plaintiff's response was required to be filed by December 9, 2011 (Doc. No. 124).  To date, no response has been filed by Plaintiff.

A physical or mental examination pursuant to Fed.R.Civ.P. 35 may be required where a plaintiff has pleaded more than "garden variety emotional distress damages" based on a defendant's impairment of a plaintiff's health and there exists good cause for such examination.  *E.E.O.C. v. Grief Bros. Corporation*, 218 F.R.D. 59, 61 (W.D.N.Y. 2003) citing *Schlaugenhauf v. Holder*, 379 U.S. 104, 117 (1964); *Cauley v. Ingram Micro, Inc.*, 216 F.R.D. 241, 243-44 (W.D.N.Y. 2003) (affirming 2003 WL 21283782 (W.D.N.Y. Jan. 24, 2003).  Here, although the Complaint does not

specifically seek such damages, Plaintiff has testified in her deposition that as a result of Defendant's alleged discriminatory conduct toward Plaintiff, she has in fact suffered various forms of psychological harm including symptoms of severe mental distress, such as great sadness, a sense of "doom," depression, and possible paranoia, as a result.  (Doc. No. 120 at 2).  Such assertions, particularly Plaintiff's symptomology of depression, provide a good faith basis for the requested examination.  *See Grief Bros. Corporation*, 219 F.R.D. at 62-62 (noting resulting mental and potential physical harm). Plaintiff, as stated, does not contend otherwise thus conceding Defendant's need for the requested examination in order to adequately defend against Plaintiff's expected damage claims as described by Plaintiff in her deposition.  Accordingly, based on Defendant's motion papers, including the caselaw cited in its Memorandum of Law (Doc. No. 120) and in view of Plaintiff's failure to timely oppose the instant motion, Defendant's motion should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendant's motion (Doc. No. 118) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 5, 2012
      Buffalo, New York

**Plaintiff is advised that any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**