UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSALIE LOLONGA-GEDEON,

           Plaintiff,

v.                                **DECISION AND ORDER**

CHILD & FAMILY SERVICES,       1:08-CV-00300 EAW

           Defendant.
_____

## INTRODUCTION

Plaintiff Rosalie Lolonga-Gedeon ("Plaintiff") has sued her former employer, Defendant Child & Family Services ("Defendant"), for discrimination based on race, color, and national origin[1] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII") and the New York Human Rights Law, N.Y. Exec. L. §§ 290 *et. seq.* (the "HRL"). Plaintiff asserts claims of disparate treatment, retaliation, and hostile work environment.

This case was initially assigned to the Honorable Richard J. Arcara, United States District Judge. On July 25, 2008, Judge Arcara entered an order referring this matter to the Honorable Leslie G. Foschio, United States Magistrate Judge, for hearing and

---

[1] Although Plaintiff alleges gender discrimination in her complaint, she has not claimed in opposition to Defendant's motion for summary judgment that she can demonstrate any discrimination on the basis of gender. (*See* Dkt. 197 at 7 (claiming that Plaintiff's "race, color, and national origin" were the cause of her termination, without reference to gender)). Plaintiff's counsel confirmed at oral argument that Plaintiff is no longer pursuing a gender discrimination claim.

disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions. (Dkt. 7).

Defendant filed a motion for summary judgment on May 24, 2013. (Dkt. 187). Plaintiff opposed the motion. (Dkt. 191). On October 28, 2014, Judge Foschio issued a Report and Recommendation on Defendant's motion in which he recommended that summary judgment be denied as to Plaintiff's Title VII disparate treatment, retaliation, and hostile work environment claims, and granted as to Plaintiff's state law claims. (Dkt. 201).

On December 5, 2014, Defendant filed objections to the Report and Recommendation. (Dkt. 204). Defendant objects to the portions of the Report and Recommendation recommending denial of summary judgment with respect to Plaintiff's Title VII disparate treatment, retaliation, and hostile work environment claims. (Dkt. 204-2 at 8).

For the reasons set forth below, the Court adopts the Report and Recommendation in part and rejects it in part. Specifically, the Court adopts Judge Foschio's findings with respect to Plaintiff's state law claims, disparate treatment claim, and hostile work environment claim, and rejects them with respect to Plaintiff's retaliation claim. Defendant's motion for summary judgment is thus granted as to Plaintiff's retaliation claim and state law claims, and denied as to Plaintiff's disparate treatment claim and hostile work environment claim.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Report and Recommendation. (*See* Dkt. 201 at 2-19). Familiarity with the Report and Recommendation is assumed for purposes of this Decision and Order.

## DISCUSSION

### I. Legal Standard

"Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 438 (W.D.N.Y. 2013). The Court must therefore consider *de novo* whether Defendants are entitled to summary judgment with respect to Plaintiff's Title VII disparate treatment, retaliation, and hostile work environment claims. "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial."). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

## II. Disparate Treatment

"At the summary-judgment stage, properly exhausted Title VII claims are ordinarily analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008). "At the first stage of the *McDonnell Douglas* analysis, the plaintiff bears the burden of establishing a *prima facie* case of discrimination by showing that: 1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the

adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* (quotation omitted). "Once the plaintiff has met this *de minimis* burden, the burden of production shifts to the employer to proffer a legitimate, nondiscriminatory reason for the action. If the employer meets its burden of production, the inference of discrimination raised by the *prima facie* case then drops out and the plaintiff must prove by a preponderance of the evidence that the employer's proffered reason is merely a pretext for discrimination." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 316-17 (2d Cir. 1999) (citations omitted).

In this case, Judge Foschio found that Plaintiff had established each of the elements of a *prima facie* case of disparate treatment based on race, color, and national origin. First, Judge Foschio noted that it was undisputed that Plaintiff is a woman of African descent, born in Zaire, whose native language is French. (Dkt. 201 at 25). Second, Judge Foschio noted that the parties agreed that the termination of Plaintiff's employment was an adverse employment action. (*Id.*). Third, Judge Foschio found that genuine issues of material fact existed as to whether Plaintiff was qualified for her position as a Senior Case Manager. (*Id.* at 25-26). Fourth, Judge Foschio found that there were genuine issues of material fact as to "whether there was a causal connection between the termination of Plaintiff's employment and Plaintiff's membership in a protected class." (*Id.* at 26).

Judge Foschio further found that genuine issues of material fact existed "as to whether Defendant's termination of Plaintiff for not obtaining a Bachelor's degree was legitimate." (Dkt. 201 at 37-38). Finally, Judge Foschio found that assuming *arguendo* that Defendant had established a legitimate, non-discriminatory reason for terminating Plaintiff, there was evidence in the record that Defendant's proffered reason was merely a pretext for discrimination. (*Id.* at 39).

Defendant argues that Judge Foschio erred in his consideration of Plaintiff's disparate treatment claim because: (1) Plaintiff failed to show that she was qualified for the Senior Case Manager position; (2) Plaintiff failed to show a causal connection between the adverse employment action and her membership in protected classes; (3) Defendant adequately demonstrated legitimate, non-discriminatory grounds for terminating Plaintiff; and (4) Plaintiff did not have evidence of pretext.

Upon *de novo* review and having reviewed the parties' submissions, the Court adopts Judge Foschio's recommendation on Plaintiff's disparate treatment claim. Contrary to Defendant's objections, the record amply supports the conclusion that genuine issues of material fact exist regarding Plaintiff's qualifications, whether there was a causal connection between Plaintiff's termination and her membership in a protected class, the legitimacy of Defendant's stated reason for terminating Plaintiff, and the issue of pretext. For the reasons set forth in the Report and Recommendation,

Defendant's motion for summary judgment is denied as to Plaintiff's disparate treatment claim.

### III. Retaliation

Title VII retaliation claims are analyzed under the three-step burden-shifting analysis set forth in *McDonnell Douglas*. Under this burden shifting analysis:

> First, the plaintiff must establish a *prima facie* case of retaliation by showing: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. The plaintiff's burden in this regard is *de minimis*, and the court's role in evaluating a summary judgment request is to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive. If the plaintiff sustains this initial burden, a presumption of retaliation arises. The defendant must then articulate a legitimate, non-retaliatory reason for the adverse employment action.

*Hicks v. Baines*, 593 F.2d 159, 164-165 (2d Cir. 2010) (internal citations and quotations omitted). If the defendant shows a legitimate, non-retaliatory reason for the adverse employment action, the plaintiff must then show "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (quotation omitted).

A plaintiff cannot establish a *prima facie* case of retaliation unless she has engaged in protected activity. A plaintiff "must complain of discrimination in sufficiently specific terms so that the employer is put on notice that the plaintiff believes he or she is being discriminated against on the basis of race, gender, national origin, or

any other characteristic protected by Title VII." *Lehman v. Bergmann Associates, Inc.*, 11 F. Supp. 3d 408, 417-18 (W.D.N.Y. 2014). It is the plaintiff's obligation to "to clarify to the employer that [s]he is complaining of unfair treatment due to h[er] membership in a protected class and that [s]he is not complaining merely of unfair treatment generally." *Id.* at 417 (quotation omitted and alterations in original). "Absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity under Title VII." *Brummell v. Webster Cent. Sch. Dist.*, No. 06-CV-6437, 2009 WL 232789, at *5 (W.D.N.Y. Jan. 29, 2009); *see also Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (affirming summary judgment on retaliation claim because "[t]he competent evidence in the record showed that any complaints [the plaintiff] made were generalized and therefore [the defendant] could not reasonably have understood that she was complaining of conduct prohibited by Title VII") (quotation omitted); *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 357 (S.D.N.Y. 2007) ("An employer retaliates when it attempts to stifle allegations of illegality or punish those making accusations. It follows that an employer must have notice that a plaintiff opposed conduct prohibited by the statute.").

In this case, Plaintiff relies upon her January 11, 2007 email to Collette Romano, Defendant's Human Resources Manager ("Romano"), regarding interactions between Plaintiff and Site Supervisor Kristen Wright ("Wright"), as the alleged protected activity.

(Dkt. 201 at 44-45). Judge Foschio agreed, finding that the email "does contain assertions suggesting Plaintiff was complaining about disparate treatment based on her race and national origin." (*Id.* at 46). Plaintiff's counsel confirmed at oral argument that the January 11, 2007 email was the sole complaint relied upon by Plaintiff in support of her retaliation claim.

Having reviewed the record and the parties' submissions, the Court has serious reservations about whether the January 11, 2007 email constituted protected activity. The email in question consists of three pages, single-spaced, in which Plaintiff complains about ordinary workplace incidents such as supply orders, workload during vacations, and allegedly unclear instructions. (Dkt. 187-32 at 2-4). Although Plaintiff claims that the email alleges discrimination on the basis of her accent, the only references to Plaintiff's accent are two instances in which Plaintiff explains that customers indicated they had a hard time understanding her. (*Id.* at 3-4). An employer would not understand from these references that Plaintiff was claiming that her coworkers and/or supervisors were discriminating against her on the basis of a protected characteristic. *See Reyes v. AutoZone, Inc.*, No. CIV.A 08-847, 2009 WL 4559454, at *7 (W.D. Pa. Dec. 2, 2009) (it is not discriminatory to note and/or respond to customer complaints that an employee's accent is difficult to understand).

Plaintiff's email also states in passing that Plaintiff is "evolving in another culture" which Plaintiff considers a "handicap," that it is Wright's "first time working with people

from another culture," and that "there are laws to protect people like [Plaintiff]." (Dkt. 187-32 at 4). Vague references to "culture" are generally insufficient to constitute protected activity. *See Lockett v. Marsh USA, Inc.*, 354 F. App'x 984, 994-97 (6th Cir. 2009) (suggesting that employee was disliked by peers as a result of her "Peruvian culture" was not protected activity); *Coley-Allen v. Strong Health*, 828 F. Supp. 2d 582, 588 (W.D.N.Y. 2011) (a "vague, passing reference to 'cultural disrespectful [sic]'" does not constitute protected activity); *Dorcely v. Wyandanch Union Free Sch. Dist.*, 665 F. Supp. 2d 178, 217 (E.D.N.Y. 2009) (references to the difficulties students of Haitian origin had assimilating into school because of cultural and language differences did not constitute protected activity); *Fox v. Giaccia*, 424 F. Supp. 2d 1, 10 (D.D.C. 2006) (statement that "No one ever looks at the fact that Blacks for the most part have to be twice as good and tolerant of having your back broke, while the expectations of other cultures is not so stringent" was not a complaint of unlawful discrimination).

Plaintiff's reference to "laws to protect people like [her]" also arguably does not give adequate notice that Plaintiff is complaining of unlawful discrimination. "[T]he court must look at the substance of Plaintiff's complaint, not the terminology that she used." *Foster v. Humane Soc'y of Rochester & Monroe Cnty., Inc.*, 724 F. Supp. 2d 382, 395 (W.D.N.Y. 2010); *see also Lapsley v. Columbia Univ.-Coll. of Physicians & Surgeons*, 999 F. Supp. 506, 524-25 (S.D.N.Y. 1998) (statement that plaintiff would "hate to feel discriminated against" did not rise to the level of an accusation of unlawful

activity). Plaintiff's email specifically mentions these unspecified laws in the context that Plaintiff is "evolving in another culture and most of the time [she] need[s] [Wright] to translate not only literally but figuratively." (Dkt. 187-32 at 4). Plaintiff's email does not expressly state or even imply that Wright has broken these unspecified "laws." Instead, the email as a whole indicates that Plaintiff feels she is struggling to understand her job requirements and expectations, and that she would like clearer communication. (*Id.* at 3-4).

In sum, the Court finds Plaintiff's argument that the January 7, 2011 email constituted protected activity very weak. However, the Court need not resolve this issue because even assuming *arguendo* that Plaintiff engaged in protected activity, she has failed to establish that such protected activity was a but-for cause of any adverse employment action.

The Report and Recommendation fails to address the issue of but-for causation, and instead concludes that "there is evidence in the record from which a reasonable trier of fact could find Plaintiff's termination was causally related to Plaintiff's January 11, 2007 e-mail. . . ." (Dkt. 201 at 48). Plaintiff argues that she can demonstrate but-for causation because "Defendant did not raise the requirement of a Bachelor's degree until after Plaintiff made the complaint, thereby establishing a dispute of fact as to Defendant's reason for requiring a Bachelor's degree after over two years of allowing Plaintiff to work without one." (Dkt. 207 at 21).

However, the evidence in the record makes it plain that Defendant's audit of Plaintiff's educational credentials began in October 2006. (Dkt. 187-19 at ¶ 10). Plaintiff received an email on October 2, 2006, that stated "[d]uring a recent audit of your file, we have discovered that you are missing verification of your education. We will need a copy of your diploma and/or transcript for your file." (Dkt. 187-24 at 2). Plaintiff responded to this email by stating that she would provide the transcript "[f]or [her] bachelor Degree in Law" as soon as possible. (Dkt. 187-25 at 2).

Contrary to Plaintiff's argument, the record does not support the inference that Defendant's October 2, 2006 request was limited to seeking verification of her Associate's degree. Plaintiff's own response to the request indicates that she understood that Defendant was seeking verification of her "bachelor Degree in Law." (*Id.*).

"It is well-settled that an adverse employment action cannot serve as the basis for a retaliation claim if the action was set in motion before a plaintiff engaged in protected activity." *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 974 F. Supp. 2d 240, 262 (S.D.N.Y. 2013) (citing *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001)). "If an employer's conduct before and after an employee complaint is consistent, the post-complaint conduct is not retaliatory." *Wright v. N.Y.C. Off-Track Betting Corp.*, No. 05 Civ. 9790(WHP), 2008 WL 762196, at *5 (S.D.N.Y. Mar. 24, 2008); *see also Webb v. Niagara Cnty.*, No. 11-CV-192S, 2012 WL 5499647, at *3

(W.D.N.Y. Nov. 12, 2012) (decision to reassign the plaintiff was not retaliatory because it was made before protected activity).

Here, there is no issue of material fact that Defendant's audit of Plaintiff's educational credentials began well before Plaintiff's January 11, 2007 email. The issues involved with this audit ultimately led to Plaintiff's termination, and therefore, Plaintiff has failed to show that her complaint was the but-for cause of her termination.

Upon *de novo* review, the Court concludes that Plaintiff has failed to demonstrate a genuine issue of material with respect to her retaliation claim. As a result, the Court rejects that portion of the Report and Recommendation regarding Plaintiff's retaliation claim and grants Defendant's motion for summary judgment on the retaliation claim.

## IV. Hostile Work Environment

"A plaintiff opposing a motion for summary judgment on a hostile work environment claim must elicit evidence '(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer.'" *Farren v. Shaw Envtl., Inc.*, 852 F. Supp. 2d 352, 358 (W.D.N.Y. 2012) (quoting *Mack v. Otis Elevator Co.*, 326 F.3d 116, 122 (2d Cir. 2003)).

As the Second Circuit Court of Appeals has explained:

> Beyond demonstrating a hostile work environment, a plaintiff must show a basis for imputing the objectionable conduct to the employer. When, as

- 13 -

> here, the alleged harasser is in a supervisory position over the plaintiff, the objectionable conduct is automatically imputed to the employer. But even then the defending employer may be permitted, subject to proof by a preponderance of the evidence, to raise the *Faragher/Ellerth* affirmative defense to liability or damages. This defense consists of two elements: that (1) the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 103 (2d Cir. 2010) (citations and quotations omitted).

In this case, Judge Foschio found that Plaintiff had produced sufficient evidence of a hostile work environment to survive a motion for summary judgment. (Dkt. 201 at 55-58). He further found that genuine issues of material fact existed as to whether Wright qualified as Plaintiff's supervisor. (*Id.* at 61-63). Finally, he found that genuine issues of material fact existed as to whether Plaintiff had taken advantage of Defendant's anti-harassment policy via her January 11, 2007 email to Romano. (*Id.* at 65-66).

Having reviewed the record and the parties' submissions *de novo*, and cognizant of the fact that Defendant bears the burden of establishing its entitlement to the *Faragher/Ellerth* affirmative defense, the Court finds that based on the record before it, a reasonable jury could find in favor of Plaintiff with respect to her hostile work environment claim. As a result, the Court adopts the Report and Recommendation with respect to the hostile work environment claim and denies Plaintiff's motion for summary judgment.

V.   **State Law Claims**

Defendant moved for summary judgment on Plaintiff's claims based on the HRL. (Dkt. 201 at 67). Plaintiff conceded to the dismissal of these claims and Judge Foschio recommended granting Defendant's motion for summary judgment on this point. (*Id.* at 67-68). Neither party has objected to this portion of the Report and Recommendation, and the Court thus reviews it for clear error. Having found no error, the Court adopts the Report and Recommendation and grants summary judgment with respect to Plaintiff's HRL claims.

## CONCLUSION

For the reasons discussed above, the Court adopts the Report and Recommendation (Dkt. 201) in part and rejects it in part. Defendant's motion for summary judgment (Dkt. 187) is granted as to Plaintiff's retaliation claim and state law claims, and denied as to Plaintiff's disparate treatment claim and hostile work environment claim.

SO ORDERED.

                                                            _____
                                                            ELIZABETH A. WOLFORD
                                                            United States District Judge

Dated:   May 29, 2015
            Rochester, New York