UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSALIE LOLONGA-GEDEON,

Plaintiff,

v.

CHILD & FAMILY SERVICES,

Defendant.

---

**DECISION AND ORDER**

1:08-CV-00300 EAW

## INTRODUCTION

Plaintiff Rosalie Lolonga-Gedeon ("Plaintiff") has sued her former employer, Defendant Child & Family Services ("Defendant"), for discrimination based on race, color, and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII") and the New York Human Rights Law, N.Y. Exec. L. §§ 290 *et. seq.* (the "HRL"). Plaintiff's complaint asserts claims of disparate treatment, retaliation, and hostile work environment.

This case was initially assigned to the Hon. Richard J. Arcara, United States District Judge. On July 25, 2008, Judge Arcara entered an order referring this matter to the Hon. Leslie G. Foschio, United States Magistrate Judge, for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions pursuant to 28 U.S.C. §§ 631(1)(B) and (C). (Dkt. 7).

-1-

Defendant filed a motion for summary judgment on May 24, 2013. (Dkt. 187). Plaintiff opposed the motion. (Dkt. 191). On October 28, 2014, Judge Foschio issued a Report and Recommendation on Defendant's motion in which he recommended that summary judgment be denied as to Plaintiff's Title VII disparate treatment, retaliation, and hostile work environment claims, and granted as to Plaintiff's state law claims. (Dkt. 201).

On December 5, 2014, Defendant filed objections to the Report and Recommendation. (Dkt. 204). On May 29, 2015, the Court entered a Decision and Order adopting in part the Report and Recommendation. (Dkt. 212) (the "May 29th Decision and Order"). In the May 29th Decision and Order, the Court granted summary judgment as to Plaintiff's retaliation and state law claims, and denied summary judgment as to Plaintiff's Title VII disparate treatment and hostile work environment claims. (Dkt. 212 at 15).

On June 26, 2015, Defendant filed a motion for partial reconsideration with respect to the May 29th Decision and Order. (Dkt. 218). Specifically, Defendant asks that the Court reconsider its denial of summary judgment on Plaintiff's hostile work environment claim. (*Id.* at 1). Plaintiff filed opposition papers on July 31, 2015 (Dkt. 221), and Defendant filed reply papers on August 14, 2015 (Dkt. 222). For the reasons set forth below, Defendant's motion for reconsideration is denied.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the Report and Recommendation. (*See* Dkt. 201 at 2-19). Familiarity with the Report and Recommendation and the May 29th Decision and Order is presumed for purposes of this Decision and Order.

## DISCUSSION

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Defendant's motion for reconsideration argues, for the third time, that the Supreme Court's decision in *Vance v. Ball State University*, 133 S. Ct. 2434 (2013), mandates entry of summary judgment in its favor on Plaintiff's hostile work environment claim. (Dkt. 218-2 at 4; *see also* Dkt. 187-38 at 24-25, Dkt. 204-at at 27-30). This argument has no more merit now than the first two times it was rejected by the Court.

Contrary to Defendant's argument, *Vance* does not stand for the proposition that the issue of an individual's status as a supervisor can never be an issue for the jury. Indeed, the *Vance* Court specifically acknowledged that there may be cases "where the issue of supervisor status cannot be eliminated from the trial (because there are genuine factual disputes about an alleged harasser's authority to take tangible employment

-4-

actions). . . ." 133 S. Ct. at 2450.  As discussed in the Report and Recommendation, the May 29th Decision and Order, and below, this is such a case.

Defendant argues that, pursuant to *Vance*, Kristen Wright ("Wright") cannot have been Plaintiff's supervisor because "there is no competent evidence that Wright had the ability to take tangible employment actions." (Dkt. 218-2 at 5).  In *Vance*, the Supreme Court identified several examples of tangible employment actions, including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." 133 S. Ct. at 2443 (quotation omitted). Although Defendant is correct that Julie Loesch ("Loesch") stated in a declaration that Wright did not have the power to hire, fire, demote, promote, or transfer Plaintiff (Dkt. 218-2 at 8),  the inquiry into whether an individual has the ability to take tangible employment actions is not so simple.  Loesch conceded in her declaration that Wright had the power to take disciplinary actions so long as she "consult[ed]" with higher management.  (Dkt. 187-9 at ¶ 12).  There is also, as discussed in the Report and Recommendation, evidence in the record to support the conclusion that although Wright's job description may not have included the authority to fire Plaintiff, in practice she had been delegated such authority.  (Dkt. 201 at 62-63) (Wright was identified as Plaintiff's supervisor on her yearly evaluations, threatened Plaintiff with termination, and seemingly had input into the ultimate decision to terminate Plaintiff's employment).

The Supreme Court made it clear in *Vance* that an individual may qualify as a supervisor even though her decisions are subject to review by higher management. 133 S. Ct. at 2446 n.8. Courts in this Circuit have declined to grant summary judgment after *Vance* where there is evidence that the alleged harasser had the ability to recommend the plaintiff's termination. *See, e.g., Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 187 (S.D.N.Y. 2013). As the Report & Recommendation explained in detail, an issue of fact exists as to Wright's status as a supervisor, and the Court cannot resolve it as a matter of law. (Dkt. 201 at 61-63).

Moreover, the Court did not, as Defendant argues, misstate the burden of proof with respect to the *Faragher/Ellerth* affirmative defense. In deciding Defendant's motion for summary judgment, the Court resolved all factual disputes in favor of Plaintiff, the non-moving party, as it is required to do. *Scott v. Harris*, 550 U.S. 372, 378 (2007). In this context, it is indisputable that Defendant bears the burden of establishing the applicability of the *Faragher/Ellerth* affirmative defense and its entitlement to the same. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 131 (2004) ("*Ellerth* and *Faragher* clarify . . . that the defending employer bears the burden to prove that the plaintiff-employee unreasonably failed to avoid or reduce harm."); *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 182 (2d Cir. 2012) ("the employer may avoid liability by establishing, as an affirmative defense on which it has the burden of proof, two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually

harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.") (quotation omitted).  The Court never suggested that *Faragher* and *Ellerth* would apply if the jury determines that Wright was not Plaintiff's supervisor and the Court did not make any "incorrect assumption[s]" on this point.  (Dkt. 218-2 at 10).  Defendant's argument to the contrary is without merit.

Defendant's motion for reconsideration does not identify any evidence or raise any arguments that were not fully considered by both the Report and Recommendation and the May 29th Decision and Order.  Defendant's disagreement with the Court's reading of *Vance* is not a basis for reconsideration.  As a result, Defendant's motion for reconsideration is denied.

**CONCLUSION**

For the reasons discussed above, the Court denies Defendant's motion for reconsideration.  This case will proceed to trial on the schedule previously set by the Court.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       November 18, 2015
             Rochester, New York